IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 07-CV-02294-EWN-BNB

CONSOLIDATED CONTAINER COMPANY, LP, a Delaware Limited Partnership,

Plaintiff,

vs.

DEEP ROCK WATER CO., a Colorado General Partnership,

Defendant.

## PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

1. Documents may be designated confidential by the producing party pursuant to F.R.C.P. 26(c), provided such documents have not previously been disclosed by the producing party on a non-confidential basis to anyone except those in its employment or those retained by it.

    a. Confidential documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "Confidential" on each page.

    b. Certain confidential documents or parts thereof that are commercially sensitive or confidential to the extent that disclosure could reasonably have a materially adverse competitive impact on the producing party may be specially designated after review by an attorney for the producing party by stamping the words "Confidential – For Attorneys' Eyes Only" on each page. The parties recognize that because they are not competitors this designation will be rarely used, and that documents may be designated as "Confidential – For Attorneys' Eyes Only" only if the designating party believes in good faith that a "Confidential" designation will not provide adequate protection. The party making the "Confidential – For Attorneys' Eyes Only" designation must provide a brief written justification for the designation to opposing counsel. However, the parties understand that CCC will designate certain documents relating to the price it pays for raw materials as "Confidential – For Attorneys' Eyes Only"

**due to the commercially sensitive nature of that information.**

2. Documents designated "Confidential" may be shown only to the attorneys, attorneys' staff, the parties, the parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of the case.

3. **Documents designated "Confidential – For Attorneys' Eyes Only" shall unless otherwise ordered by the Court upon application by either party, be shown only to the parties' attorneys, the attorneys' staff and the parties' retained experts. Unless otherwise ordered, such documents shall not be shown to employees or representatives of the parties, including the parties' in-house counsel or in-house experts. Documents designated "Confidential – For Attorneys' Eyes Only" may be confidential even to certain employees or representatives of the producing party. Therefore, documents so designated shall not be shown to any employees or representatives of the producing party absent an agreement from counsel. However, this provision does not apply if the document itself evidences that the employee or representative of the producing party was the author or recipient of the document designated "Confidential – For Attorneys' Eyes Only".**

4. Each person who is permitted to see "Confidential" **or "Confidential – For Attorneys' Eyes Only"** documents shall first be shown a copy of this protective order and shall be required to execute an Acknowledgement of Protective Order in the form attached hereto as Exhibit A. By signing the Acknowledgement of Protective Order, the individual agrees to be bound by the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado (the "Court") for purposes of enforcement of the Protective Order. Signed Acknowledgement Forms shall be kept by the disclosing attorney. If ordered by the Court, the signed Acknowledgement Forms will be provided to the Court under seal. The parties agree that the rights and obligations of this Protective Order shall apply to any subsequent parties who may be joined in this action who agree to be bound by the terms of this Order. A party that receives documents designated "Confidential" **or "Confidential – For Attorneys' Eyes Only"** from another party to this agreement shall not, absent a Court Order, disclose any such designated documents to a subsequent party unless that subsequent party has agreed in writing to be bound by the terms of this Order.

5. If a party believes that a document designated or sought to be designated "Confidential" by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the designating party to demonstrate that the "Confidential" designation is proper pursuant to this Order.

6. <u>If a party believes that a document designated or sought to be designated "Confidential – For Attorneys' Eyes Only" by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, the party disputing the designation must make a written request to the designating party that the propriety of the designation be addressed by the Court. The party designating the document as "Confidential – For Attorneys' Eyes Only" must apply to the Court for a determination as to whether the designation is appropriate within 7 business days of receipt of the disputing party's written notice. The burden rests on the designating party to demonstrate that the "Confidential – For Attorneys' Eyes Only" designation is proper pursuant to this Order.</u>

7. At the time of a deposition or within 20 days after receipt of a deposition transcript, a party may designate as "Confidential" <u>or "Confidential – For Attorneys' Eyes Only"</u> specific portions of the transcript which contain confidential matters pursuant to the standards described above. The designation shall be in writing and served on all counsel. <u>The entire deposition transcript will be treated as "Confidential – For Attorneys' Eyes Only" for this 20 day period.</u> No objection shall be interposed at a deposition that an answer would elicit confidential information unless individuals are present during the deposition who are not authorized to learn of such confidential information.

8. In filing materials with the Court, counsel shall file under seal only those specific documents and/or deposition testimony designated as "Confidential" <u>or "Confidential – For Attorneys' Eyes Only"</u> pursuant to this order. Counsel shall also file under seal only those specific portions of briefs, applications, and other filings that contain reference to confidential information.

9. Nothing herein shall restrict a party: (1) from using or disclosing material obtained by such party independent of discovery in this action; or (2) from disclosing its own confidential information as it deems appropriate; or (3) from making any disclosures ordered by the Court. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Knowing and intentional disclosure of a parties' own confidential documents in a non-confidential manner shall be deemed a waiver of the right to later claim that the document should be designated "Confidential" <u>or "Confidential – For Attorneys' Eyes Only"</u>.

3

10. If at any time in the future, any non-party demands by subpoena the production of documents or information designated "Confidential" **or "Confidential – For Attorneys' Eyes Only"** governed by this order, the party served with the non-party subpoena must notify the party that produced the documents or information designated as "Confidential" **or "Confidential – For Attorneys' Eyes Only"** within seven (7) business days of the receipt of the subpoena or at least 48 hours before compliance with the subpoena, whichever is earlier, in order to allow the disclosing party an opportunity to protect its interests.

11. Within 60 days of the termination of this litigation in its entirety and any appellate process, and upon the written request of the producing party, the originals and all copies of "Confidential" **or "Confidential – For Attorneys' Eyes Only"** documents shall be returned to the producing party or destroyed. Also upon the written request of the producing party, all individuals who received "Confidential" **or "Confidential – For Attorneys' Eyes Only"** documents shall certify in writing that those documents and all copies were returned or destroyed.

12. Notwithstanding the requirements of paragraph 12, counsel for each party may retain one complete set of all "Confidential" **and "Confidential – For Attorneys' Eyes Only"** documents and information, including the work product of experts or consultants, in order to maintain a complete record of the case in counsel's files for a period of time consistent with the law firm's document retention policy, not to exceed seven (7) years. However, a party may request in writing that each counsel's copy of "Confidential" **and "Confidential – For Attorneys' Eyes Only"** documents or information be destroyed at any time three (3) years after the termination of this litigation in its entirety and any appellate process.

13. This Order shall survive the termination of this case, and the Court shall retain jurisdiction to enforce the terms of this Order.

Dated: **March 25, 2008**         _Boyd N. Boland_
~~United States District Court Judge~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

EXHIBIT A
ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1. My full name is _____

2. My address is _____

3. My present employer is _____

4. My present occupation or job description is _____

_____

_____

5. I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will not disclose any "Confidential" **or "Confidential – For Attorneys' Eyes Only"** documents or information to any persons, except as allowed under the Protective Order. I will use any such confidential documents and information only with respect to this case.

7. Upon the written request of the producing party, I will destroy or return all "Confidential" **or "Confidential – For Attorneys' Eyes Only"** documents and information that comes into my possession to an attorney representing the party that provided such documents or information to me. Also, upon the written request of the producing party, I shall certify in writing that the required documents and all copies, thereof, were either returned or destroyed as requested by the producing party.

8. If I wish to retain documents that I produce and which reference "Confidential" **or "Confidential – For Attorneys' Eyes Only"** information, I understand that I may request in writing that an attorney for either party retain a copy of said document(s) in the attorney's file pursuant to paragraphs 12 and 13 of this protective order.

9. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

Date: _____  Signature: _____

Printed Name: _____

5